## LOYD WARD v. STATE.

No. A-6054. Opinion Filed Oct. 22, 1927.
(260 Pac. 83.)

 

L. F. Robertson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Woodward county on a charge of selling whisky, and was sentenced to pay a fine of $50 and to serve 60 days in the county jail.

The evidence for the state is, in substance, that one Thurman inquired of defendant where he could procure some whisky, and defendant advised him that he could

procure it for him, and together they went about two miles from the town of Woodward into the country and Thurman there purchased from defendant 1¾ pints of whisky and paid him for it $2.50. Defendant testified, in substance, that Thurman inquired of him where he could procure whisky, and that he informed him that he had seen a man leave some by the road, and they would go and get it; that he had seen a man that morning with a car by the side of the road, and they then went there to get the whisky, and Thurman filled a milk bottle, which he took with him; that he did not sell it to Thurman and Thurman did not pay him. The evidence of the witness Thurman is more reasonable than that of defendant, but in any event the weight of the evidence and the credibility of the witnesses was for the jury, and the judgment will not be disturbed for insufficiency of the evidence.

Defendant also contends that the court erred in restricting the examination of the jury in their voir dire in not permitting an examination as to whether they were members of the Ku Klux Klan. The record discloses that in the examination of the jury, counsel for defendant asked the jury collectively if any of them were members of the Ku Klux Klan. All answered in the negative. Counsel for the state objected, and the objection was by the court sustained and exception noted. Thereupon the county attorney stated that he would withdraw the objection, since the jurors had answered in the negative before the objection was made. Defendant did not pursue the examination further, and it is to be assumed the answers were satisfactory. No reversible error is apparent.

The case is affirmed.

DOYLE, P. J., concurring.

DAVENPORT, J., absent, not participating.